IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLA WILLIAMS and RONALD WILLIAMS, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:22-cv-2877-E-BN |
| LEESA LOGAN and SPECIALIZED LOAN SERVICING, LLC, | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ada Brown. *See* Dkt. No. 2.

Plaintiffs Carla Williams and Ronald Williams have filed a motion to remand, alleging that the amount-in-controversy requirement to establish diversity jurisdiction has not been met. *See* No. 28.

Defendants Leesa Logan and Specialized Loan Servicing, LLC filed a response. *See* Dkt. No. 30.

Plaintiffs did not file a reply, and the time to do so has passed.

For the reasons explained below, the Court should deny Plaintiffs' Motion to Remand [Dkt. No. 28].

## Background

Plaintiffs, Carla Williams and Ronald Williams, purchased real property located at 1206 Meadow Creek Drive, Lancaster, Texas (the "Property"). To finance the purchase, they executed a note, which was secured by a deed of trust. Defendant Specialized Loan Servicing, LLC ("SLS") is the current mortgage loan servicer.

A foreclosure sale of the property was scheduled for December 6, 2022.

On December 2, 2022, Plaintiffs filed their First Amended Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction in a case pending in state court. *See* Dkt. No. 30-1. Plaintiffs assert claims for trespass to try title, suit to quiet title, declaratory and injunctive relief to stop the foreclosure, and wrongful foreclosure.

Plaintiffs alleged they sought monetary relief of $100,000 or less. *See id.* at 2. Plaintiffs alleged that they (1) entered into a loan modification agreement related to a primary mortgage encumbering the Property in the amount of $60,000 and a second mortgage encumbering the Property in the amount of $7,564.31 and (2) a modification agreement "merged" those loans to create a Non-Hamp Loan Modification Agreement in the amount of $67,564.31. *See id.* at 2, 12-18 (Ex. A – copy of modification agreement). According to Plaintiffs, Defendants did not recognize the modification agreement and applied their payments incorrectly.

Defendants removed the case to this Court on December 22, 2022, based on diversity jurisdiction. *See* Dkt. No. 1. Defendants contend that the amount in controversy is the current fair market value of the property, which they allege was

$203,790. *See id.* at 3.

Plaintiffs filed a motion to remand on March 22, 2023, alleging that the amount in controversy did not meet the $75,000 threshold required to establish diversity jurisdiction. *See* Dkt. No. 28. According to Plaintiffs, on January 22, 2023, Defendants provided them a payoff schedule indicating that the balance of the claim was $30,415.94, and they are prepared to pay that amount under protest to either Defendants or into the Texas state court's registry. Since this amount is less than $75,000, Plaintiffs argue that the case should be remanded.

## Legal Standards and Analysis

For a federal court to have jurisdiction over a state action based on diversity, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b). The parties do not dispute that they are citizens of different states. Thus, the sole issue is whether the amount in controversy exceeds the sum or value of $75,000. *See Allstate Fire and Cas. Ins. Co. v. Love,* 71 F.4th 348, 351 (5th Cir. 2023).

As the parties invoking federal diversity jurisdiction, Defendants bear the burden of establishing the amount in controversy by a preponderance of the evidence. *See id.*

In determining whether Defendants have met their burden, the court first examines the complaint to determine whether it is facially apparent that the claims exceed the jurisdictional amount. *See id.*

If the amount in controversy is not apparent, the court may rely on "summary

-3-

judgment" type evidence. *Id.* at 351-52.

It is not facially apparent from Plaintiffs' amended petition that their claims exceed $75,000.

Texas law does not permit plaintiffs to make a demand for a specific sum. Texas Rule of Civil Procedure 47 instead provides, in relevant part, that an original petition shall contain a statement that the damages sought are within the jurisdictional limits of the court or within one of five specified ranges. *See* TEX. R. CIV. P. 47(b), (c).

Plaintiffs alleged in both their original and amended petitions that they sought monetary relief in the range of $100,000 or less. They also sought declaratory and injunctive relief.

"In actions for declaratory judgment, 'it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *Allstate*, 71 F.4th at 351 (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 1977); *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019)). "In other words, the amount in controversy in such actions 'is the value of the right to be protected or the extent of the injury to be prevented.'" *Id.* (quoting *St. Paul Reins. Co.*, 134 F.3d at 1252-53 (citation omitted)).

"In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 1973); *see also Garcia v. Koch*

*Oil Co. of Tex.*, 351 F.3d 636, 640 (5th Cir. 2003) (noting that, in an action for injunctive relief, the amount in controversy is measured by the value of the object of the litigation).

Here, the "object" of the litigation is the Meadow Creek Drive Property.

In support of their notice of removal, Defendants rely on the Dallas County Appraisal District's December 22, 2022, valuation of the Property at $203,790, *see* Dkt. No. 4-3, which is well above the $75,000 threshold jurisdictional requirement. The Court may rely on a property appraisal from the Dallas County Appraisal District as proof of the property's value. *See Kinappraisgman Holdings, L.L.C. v. Everbank*, 5:14-CA-00126-OLG, 2014 WL 12588343, at *2 (W.D. Tex. Mar. 25, 2014) (collecting cases). Appraisal district records are public records under Federal Rule of Evidence 803(8) because they represent the findings of a government process to collect information about real property. *See Hearn v. Deutsch Bank Nat'l Trust Co.*, No. 3:13-cv-2417-B, 2013 WL6079460, at *4 (N.D. Tex. Nov. 18, 2013).

Plaintiffs do not dispute the appraisal district's valuation of the Property. They instead seek remand based on a payoff schedule provided to them by Defendants on January 22, 2023, which Plaintiffs allege showed $30,415.94 due on the note, which would be less than $75,000.

The Court considers jurisdictional facts in the state court petition as they existed at the time of removal. *See Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). Subsequent events cannot divest the court of jurisdiction once it has attached. *See St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d

1250, 1253-54 (5th Cir. 1998).

Because the case was removed on December 2, 2022, information provided to Plaintiffs one month later cannot be used to establish the amount in controversy.

Defendants have met their burden to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

And, since both requirements for diversity jurisdiction have been met, the Court has subject matter jurisdiction under Section 1332.

### Recommendation

The Court should deny Plaintiffs' Motion to Remand [Dkt. No. 28].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 28, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE